J-S45005-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
BRIAN L. REASONS :
:
Appellant : No. 1259 EDA 2020

Appeal from the PCRA Order Entered March 27, 2020
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0003260-2016

BEFORE: BOWES, J., KUNSELMAN, J., and MURRAY, J.

MEMORANDUM BY BOWES, J.: **FILED OCTOBER 20, 2020**

Brian L. Reasons[1] appeals *pro se* from the order that denied his petition

for relief pursuant to the Post-Conviction Relief Act ("PCRA"), and granted

counsel's petition to withdraw pursuant to ***Commonwealth v. Turner***, 544

A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213

(Pa.Super. 1988) (*en banc*). We vacate the order and remand for further

proceedings consistent with this memorandum.

The facts or procedural posture of this case are not readily apparent

from Appellant's brief. From the record, we discern that Appellant had a

history of violence against his long-term paramour. On May 2, 2017,

Appellant entered a negotiated guilty plea on charges related to their most

_____

[1] Although it has no impact on this appeal, we note that Appellant represents
that his surname is "Reason" rather than "Reasons."

recent physical confrontation. Specifically, Appellant agreed to plead guilty to intimidation of witnesses or victims and simple assault and be sentenced to an aggregate term of eighteen to sixty months of imprisonment, and the Commonwealth agreed to dismiss the remaining charges. The trial court expressed misgivings due to Appellant's criminal history in general, and repeated incidents with the victim, even opining that an aggravated-range sentence would likely be imposed if Appellant were convicted at a trial, but accepted the plea and sentenced Appellant accordingly. Appellant thanked the court for accepting the standard-range plea and dismissal of additional charges. *See* N.T. Guilty Plea, 5/2/17, at 27. Appellant filed no post-sentence motion or direct appeal.

Appellant filed a timely *pro se* PCRA petition alleging four claims of ineffective assistance of plea counsel, including the claim that plea counsel failed to file a requested direct appeal. *See* PCRA Petition, 5/7/18, at 4. PCRA counsel was appointed and filed an application to withdraw and ***Turner***/***Finley*** letter. Therein, counsel opined, *inter alia*, that assuming that Appellant had requested an appeal, and that counsel lacked a reasonable basis for not filing an appeal, Appellant could not establish prejudice because none of the issues available to him on appeal had merit. *See* Application for Leave to Withdraw, 9/7/18, at Exhibit A pages 8-9.

At a subsequent status hearing, PCRA counsel received additional materials to review from Appellant and his family. PCRA counsel also reviewed

audio and visual materials that the Commonwealth provided in discovery. Thereafter, PCRA counsel filed a supplemental *Turner*/*Finley* letter confirming that her opinion that Appellant's PCRA petition lacked merit remained unchanged. *See* Supplemental *Finley* Letter, 10/19/18, at 1-2. Appellant filed a *pro se* response, challenging PCRA counsel's effectiveness and requesting new counsel. *See* Case Correspondence, 4/29/18, at 7-9. The PCRA court ordered PCRA counsel to review the issues raised and file a response, and counsel complied. Appellant filed another *pro se* response, again complaining of PCRA counsel's performance and requesting an evidentiary hearing. *See* Case Correspondence, 6/5/19, at 1-3. Again, the PCRA court ordered counsel to file a response, and counsel complied. Appellant, *pro se*, continued to file various documents, letters, motions, and his "Book of Incontrovertible Physical Facts."

Ultimately, the PCRA court issued notice of its intent to dismiss Appellant's petition without a hearing pursuant to Pa.R.Crim.P. 907, indicating that it reviewed all of the filings from Appellant and PCRA counsel, and explaining its reasoning. In particular, the PCRA court concluded that Appellant's claim that plea counsel was ineffective for failing to file a requested direct appeal failed because none of the claims that Appellant could have raised following the guilty plea was meritorious. *See* Notice of Intent to Dismiss, 3/2/20, at 7-8.

Appellant filed a *pro se* response, reiterating his claims of ineffective counsel and requesting an evidentiary hearing. **See** Response to 907 Notice, 3/19/20, at 1, 3. By order of March 27, 2020, the PCRA court[2] denied Appellant's claims, dismissed his petition, and granted counsel's application for leave to withdraw.

Appellant timely filed a notice of appeal, in which he stated his complaints with the PCRA court's decision. Among them is the reiteration of his contention that the PCRA court erred in allowing PCRA counsel to withdraw. **See** Notice of Appeal, 4/23/20, at 2. The PCRA court issued a statement pursuant to Pa.R.A.P. 1925, addressing the propriety of allowing PCRA counsel to withdraw by, *inter alia*, stating its agreement with counsel's **Turner**/**Finley** analysis, and referencing the notice of intent to dismiss as providing analysis of Appellant's other arguments. **See** PCRA Court Opinion, 7/6/20, at 5-8.

We begin with the applicable law. "This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error." **Commonwealth v. Rizvi**, 166 A.3d 344, 347 (Pa.Super. 2017). "[A] PCRA court has discretion to dismiss a PCRA petition without a hearing if the court is satisfied that there are no genuine issues concerning

---

[2] The judge who had accepted Appellant's guilty plea and initially ruled upon the PCRA matters retired on March 13, 2020, and the case was reassigned to a different judge. **See** Order, 3/16/20.

- 4 -

any material fact; that the defendant is not entitled to post-conviction collateral relief; and that no legitimate purpose would be served by further proceedings." ***Commonwealth v. Cruz***, 223 A.3d 274, 277 (Pa.Super. 2019) (internal quotation marks omitted). With the exception of claims of PCRA counsel ineffectiveness, once the PCRA court has issued notice of its intent to dismiss the petition without a hearing, it has no duty to address any claims not raised in the original petition or an amended petition filed with leave of court. ***See Commonwealth v. Rykard***, 55 A.3d 1177, 1192 (Pa.Super. 2012). Further, "[i]t is an appellant's burden to persuade us that the PCRA court erred and that relief is due." ***Commonwealth v. Stansbury***, 219 A.3d 157, 161 (Pa.Super. 2019) (internal quotation marks omitted).

For the most part, we find it difficult to apply these principles to the instant appeal. Appellant's brief does not contain a statement of questions presented as required by Pa.R.A.P. 2111(a)(4), and also is in violation of Pa.R.A.P. 2111(a)(1) (requiring a statement of jurisdiction); Pa.R.A.P. 2111(a)(3) (requiring a statement of the scope and standard of review); Pa.R.A.P. 2111(a)(6) (requiring a summary of argument); and Pa.R.A.P. 2111(a)(8) (requiring an argument section). The brief further is devoid of citations to the record, a synopsis of the evidence, or a statement of place of preservation of issues as are required by Pa.R.A.P. 2119(c), (d), and (e), respectively.

Rather, Appellant's brief in this Court consists of a three-page request that we "review and decide this immediate petition based upon the evidence and documentation provided herein that are incontrovertible facts, which are counterfactual in the way of false and fabricated evidence/perjury, denying me an evidentiary hearing and my due process rights." Appellant's brief at 1-2. Appended thereto are hundreds of pages of photographs, photocopies of legal publications, quotations, and correspondence, which appear to be what Appellant terms his "Book of Incontrovertible Physical Facts" and other "documentation and reports." *Id*. at 2-3.

As our Supreme Court recently reiterated:

> our appellate rules do not allow incorporation by reference of arguments contained in briefs filed with other tribunals, or briefs attached as appendices, as a substitute for the proper presentation of arguments in the body of the appellate brief. Were we to countenance such incorporation by reference as an acceptable manner for a litigant to present an argument to an appellate court of this Commonwealth, this would enable wholesale circumvention of our appellate rules which set forth the fundamental requirements every appellate brief must meet.

*Commonwealth v. Housman*, 226 A.3d 1249, 1264 (Pa. 2020) (cleaned up).

Appellant's disregard for the Rules of Appellate Procedure have left this Court unable to conduct meaningful review of most of his claims. However, the merit of one of his complaints is obvious from our review of the PCRA court's filings and requires us to vacate the order that permitted counsel to withdraw, denied his claims, and dismissed the petition without a hearing.

The general rule is that to prevail on a claim of ineffective assistance of counsel, a PCRA petitioner is required to plead and prove that his underlying claim has arguable merit, that counsel had no reasonable basis for her action or inaction, and prejudice. *Commonwealth v. Selenski*, 228 A.3d 8, 15 (Pa.Super. 2020). However, it is well-settled that there are some circumstances in which prejudice is presumed. In particular, it has long been the law that counsel's failure to file a requested direct appeal is *per se* ineffectiveness, and warrants the reinstatement of direct appeal rights regardless of the merit, or lack thereof, in the claims he wishes to raise. *See*, *e.g.*, *Commonwealth v. Lantzy*, 736 A.2d 564, 572 (Pa. 1999). However, to benefit from this presumption of prejudice, the petitioner "must still prove that he asked counsel to file a direct appeal." *Commonwealth v. Markowitz*, 32 A.3d 706, 715 (Pa.Super. 2011).

As noted above, PCRA counsel deemed Appellant's claim that counsel failed to file a direct appeal despite his request to be meritless because none of the issues he could have raised had merit.[3] *See* Application for Leave to Withdraw, 9/7/18, at Exhibit A pages 8-9 (explaining that there would be no merit in a direct appeal because the trial court had jurisdiction, the sentence

---

[3] *See*, *e.g.*, *Commonwealth v. Eisenberg*, 98 A.3d 1268, 1275 (Pa. 2014) ("[U]pon entry of a guilty plea, a defendant waives all claims and defenses other than those sounding in the jurisdiction of the court, the validity of the plea, and what has been termed the legality of the sentence imposed[.]") (cleaned up).

was legal, and Appellant's statements during the plea colloquy precluded a finding that the plea was involuntary). The PCRA court agreed with this analysis, declining to have a hearing to establish whether Appellant did in fact request an appeal, and then allowed PCRA counsel to withdraw.

Under *Lantzy* and its progeny, PCRA counsel's analysis was completely wrong, and the PCRA court erred in accepting it and concluding that a complete lack of merit warranted the withdrawal of counsel and the dismissal of the petition without a hearing. *See*, *e.g.*, *Commonwealth v. McGarry*, 172 A.3d 60, 71 (Pa.Super. 2017) (holding PCRA court erred in dismissing without a hearing claim that the petitioner requested that counsel file a direct appeal). Appellant is entitled to a hearing on the claim that he requested plea counsel to file an appeal, and he further is entitled to the appointment of new PCRA counsel to represent him at the hearing. *See* Pa.R.Crim.P. 904 (providing petitioner is entitled to counsel in litigating first PCRA petition, or any time a hearing is necessary); *Commonwealth v. Betts*, ___ A.3d ___, 2020 PA Super 225, 2020 WL 5524288 (Pa.Super. Sept. 15, 2020) (remanding for the appointment of substitute PCRA counsel for further litigation of first PCRA petition).

We deem the remainder of Appellant's claims waived based upon the aforementioned defects in his brief. *See*, *e.g.*, *Commonwealth v. Sanford*, 445 A.2d 149, 151 (Pa.Super. 1982) (declining to address the substance of the appeal because the brief was "so defective as to preclude effective,

appellate review"). Upon remand, the PCRA court shall appoint substitute PCRA counsel and conduct a hearing solely on the question of whether Appellant requested that plea counsel file a direct appeal.

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

Date: <u>10/20/2020</u>